# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1127 | **DATE** | 4/27/2011 |
| **CASE TITLE** | Ryan Miller vs. Leslie Turner | | |

**DOCKET ENTRY TEXT**

For the reason stated below, Plaintiff's second motion for leave to proceed in forma pauperis [5] is denied and Plaintiff's motion to reinstate [6] is denied.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

     This matter is before the court on Plaintiff Ryan Miller's (Miller) second motion for leave to proceed *in forma pauperis*. On February 24, 2011, the court denied Miller's first motion for leave to proceed *in forma pauperis*, since Miller had not completed the *in forma pauperis* application form for proceeding in the Northern District of Illinois nor provided sufficient information relating to his financial status. The court noted that Miller had stated in his first motion that he receives "donations from family and friends at times," but that he did not indicate the amounts that he had received in the last twelve months. (2/24/11 OR). Since Miller had failed to show that his motion for leave to proceed *in forma pauperis* should be granted, the court dismissed the instant action without prejudice and gave Miller leave to move to reinstate the instant action by March 23, 2011, by either paying the filing fee or by filing an accurately and properly completed *in forma pauperis* application form. On March 21, 2011, Miller filed the instant motion.

     Miller indicates in his second motion for leave to proceed *in forma pauperis* that, in the past twelve months, he has received $550 in gifts. (IFP Par. 3(e)). Miller is incarcerated and thus is provided with the necessities of life. *See Lumbert v. Illinois Dept. of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987)(stating that the plaintiff inmate was "not being asked to give up any necessities of life; they in any event [were]

| STATEMENT |
|---|
| being bought for him by the State of Illinois"). Therefore, Miller has not shown that he is sufficiently indigent to warrant granting his second motion for leave to proceed *in forma pauperis*. The court notes that although Miller indicates that his receipt of gifts is "very rare [and] will not happen again," Miller received such gifts after his claims allegedly arose, (Compl. Par. 14-15), and Miller therefore had the funds available to pay the filing fee in the instant action. Based on the above, Miller's second motion for leave to proceed *in forma pauperis* is denied. |