Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1127 | **DATE** | 7/8/2011 |
| **CASE TITLE** | Ryan Miller (R-58096) vs. Leslie Turner, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for reconsideration [8] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     This matter is before the court on Plaintiff Ryan Miller's (Miller) *pro se* motion for reconsideration. The court notes that Miller has entitled the filing "Motion for Reconsideration (Alternatively 'Notice of Appeal')." (Mot. 1). To the extent that Miller seeks a reconsideration of this court's prior ruling in his filing, this court will address the motion for reconsideration.

     On February 24, 2011, the court denied Miller's first motion for leave to proceed *in forma pauperis*, since Miller had not completed the *in forma pauperis* application form for proceeding in the Northern District of Illinois, nor provided sufficient information relating to his financial status. The court noted that Miller had stated in his first motion that he receives "donations from family and friends at times," but that he did not indicate the amounts that he had received in the last twelve months. (2/24/11 OR). Since Miller had failed to show that his motion for leave to proceed *in forma pauperis* should be granted, the court dismissed the instant action without prejudice and gave Miller leave to move to reinstate the instant action by March 23, 2011, by either paying the filing fee or by filing an accurately and properly completed *in forma pauperis* application form. On March 21, 2011, Miller filed a second motion for leave to proceed *in forma pauperis*.

     Miller indicated in his second motion for leave to proceed *in forma pauperis* that, in the past twelve

| STATEMENT |
|---|

months, he had received $550 in gifts. (IFP Par. 3(e)). Miller is incarcerated and thus is provided with the necessities of life. *See Lumbert v. Illinois Dept. of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987)(stating that the plaintiff inmate was "not being asked to give up any necessities of life; they in any event [were] being bought for him by the State of Illinois"). Therefore, Miller had not shown that he is sufficiently indigent to warrant granting his second motion for leave to proceed *in forma pauperis*. The court noted that although Miller had indicated that his receipt of gifts is "very rare [and] will not happen again," Miller received such gifts after his claims allegedly arose, (Compl. Par. 14-15), and Miller therefore had the funds available to pay the filing fee in the instant action. The court thus denied Miller's second motion for leave to proceed *in forma pauperis*.

Miller now requests a reconsideration of the court's prior rulings. Miller argues that he did not have sufficient funds to pay the filing fee when he filed the complaint in the instant action. Miller also contends that although he had funds in the past, he spent such funds "before any determination was made to file the claims in the instant action." (Mot. 1-2). Miller has had two opportunities to file an accurately and properly completed *in forma pauperis* application form and failed on both occasions to provide the pertinent information concerning his financial status. The new information regarding Miller's financial situation is untimely.

In addition, to the extent that Miller contends that he lacked the funds on the date he filed the complaint in the instant action, the record shows that Miller possessed sufficient funds after his claims arose. The fact that Miller chose to spend all available funds prior to the filing of his complaint on non-necessities of life, does not mean that Miller is entitled to proceed *in forma pauperis*. Miller has not shown that the court erred in its prior rulings and the motion for reconsideration is denied.