Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1127 | **DATE** | 8/1/2011 |
| **CASE TITLE** | Ryan Miller (R-58096) vs. Leslie Turner, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for certificate of appealability [12] is stricken as improper. Plaintiff's motion for reconsideration [12] is denied. Plaintiff's motion for leave to proceed on appeal in forma pauperis [12] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Ryan Miller's (Miller) *pro se* filing titled "Notice of Appeal and Motion for Certificate of Appealability." (Mot. 1). The court notes that Miller has brought another civil action (11 C 2151) in which Miller has made a similar filing. On February 24, 2011, the court denied Miller's first motion for leave to proceed *in forma pauperis*, since Miller had not completed the *in forma pauperis* application form for proceeding in the Northern District of Illinois, nor provided sufficient information relating to his financial status. Since Miller had failed to show that his motion for leave to proceed *in forma pauperis* should be granted, the court dismissed the instant action without prejudice and gave Miller leave to move to reinstate the instant action by March 23, 2011, by either paying the filing fee or by filing an accurately and properly completed *in forma pauperis* application form. On March 21, 2011, Miller filed a second motion for leave to proceed *in forma pauperis*.

Miller indicated in his second motion for leave to proceed *in forma pauperis* that, in the past twelve months, he had received $550 in gifts. (IFP Par. 3(e)). Miller is incarcerated and thus is provided with the necessities of life. *See Lumbert v. Illinois Dept. of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987)(stating that the plaintiff inmate was "not being asked to give up any necessities of life; they in any event [were]

| STATEMENT |
|---|

being bought for him by the State of Illinois"). Therefore, Miller had not shown that he is sufficiently indigent to warrant granting his second motion for leave to proceed *in forma pauperis*. The court noted that although Miller had indicated that his receipt of gifts is "very rare [and] will not happen again," Miller received such gifts after his claims allegedly arose, (Compl. Par. 14-15), and Miller therefore had the funds available to pay the filing fee in the instant action. The court thus denied Miller's second motion for leave to proceed *in forma pauperis*. On May 16, 2011, Miller filed a motion for reconsideration, which this court denied on July 8, 2011.

Miller is proceeding *pro se* and the court will liberally construe his instant filing. To the extent that Miller is seeking a certificate of appealability in accordance with 28 U.S.C. § 2253(c), his motion is improper since such a certificate of appealability would only be applicable for a petition for a writ of *habeas corpus*. In the instant action, Miller is bringing claims for damages under 42 U.S.C. § 1983. Therefore, as in case number 11 C 2151, a certificate of appealability is not needed and this motion for a certificate of appealability is stricken as improper.

To the extent that Miller is again seeking a reconsideration of the dismissal of this action and lack of reinstatement, Miller has not shown that the court erred in its prior rulings or presented any new arguments or evidence that shows that the case should be reinstated. Therefore, the motion for reconsideration is denied.

Miller also makes references in the instant motion to his inability to pay the filing fee and ability to pay a partial filing fee. To the extent that Miller is seeking leave to proceed on appeal *in forma pauperis*, Miller has not filed any *in forma pauperis* application form and has not provided any detailed information concerning his current financial status. Therefore, the motion for leave to proceed on appeal *in forma pauperis* is denied. If Miller submits the appropriate *in forma pauperis* forms and provides the information relating to his financial status, the court will review such request.